IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RAUL SALAZAR,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 2:11-CV-00150** | |
| § | | |
| **KLEBERG COUNTY, TEXAS** and § | | |
| **KLEBERG COUNTY SHERIFF EDWARD** § | | |
| **MATA, SR.,** *in his official capacity*, § | | |
| § | | |
| **Defendants.** § | | |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendants', Kleberg County, Texas and Kleberg County Sheriff Edward Mata, Sr., in His Official Capacity, Motion for Summary Judgment. (D.E. 16.) Having considered the parties' memoranda, the summary judgment evidence, and otherwise being fully informed, the Court grants Defendants' Motion for Summary Judgment and dismisses this action with prejudice to refiling.

**I.   INTRODUCTION**

Plaintiff Raul Salazar brought this civil rights action pursuant to 42 U.S.C. § 1983 against his former employer, Sheriff Edward Mata, Sr. and Kleberg County, Texas, alleging that he was unlawfully deprived of his liberty interests and subjected to retaliation for exercising his First Amendment rights to free speech after confronting his supervisor concerning the supervisor's alleged use of excessive force against a suspect. (D.E. 1.) The Honorable Janice Graham Jack dismissed Plaintiff's first cause of action against Sheriff Mata in his personal capacity on Defendant's oral motion to dismiss made at the initial pretrial conference in this matter on

June 10, 2011. (D.E. 11.) Defendants now seek summary judgment on Plaintiff's second cause of action (Section 1983 claim alleging that Plaintiff was retaliated against for exercising his First Amendment right to free speech) and third cause of action (Section 1983 claim alleging that Plaintiff's constitutionally protected Fourteenth Amendment liberty interests were infringed by denying him a name-clearing hearing). (D.E. 16.) The Court permitted oral arguments on Defendants' motion at the final pretrial conference on May 4, 2012.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc., v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to a judgment as a matter of law. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant's initial burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The burden then shifts to the non-moving party to demonstrate that

summary judgment is not appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Rivera*, 349 F.3d at 247; *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In meeting its burden, the non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material, controverted facts precluding summary judgment. *Anderson*, 477 U.S. at 248–49. Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment"). Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. Where the non-movant fails to present evidence to support his or her claims, there can be no genuine issue of material fact because a complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

### III. SUMMARY JUDGMENT EVIDENCE

Plaintiff was employed at the Kleberg County Sheriff's Office as a patrol officer beginning on or about November 3, 2005. (Salazar Dep. 33:5–13, 38:11–13; Salazar Aff.) On or about March 1, 2006, Plaintiff alleges that he viewed a video of a traffic stop where he observed his supervisor, Lieutenant J.D. Longoria, utilize excessive force and strike a suspect. (Salazar Dep. 46:1–9.) Plaintiff alleges that, on or about March 20, 2007, he was in Lt. Longoria's office,

and the two were having a discussion about a case in which Plaintiff utilized force on a suspect; Lt. Longoria asserted that Plaintiff's use of force was inappropriate, and Plaintiff confronted Lt. Longoria about his own use of force that he had observed on the video. (Salazar Dep. 54:9–56:9.) Lt. Longoria does not recall any traffic stop in which he restrained a suspect, or that Plaintiff ever visited his office and confronted him about a video. (Longoria Dep. 28:10–29:9.) Plaintiff never made any reports of excessive force against Lt. Longoria to Sheriff Mata or other officers. (Salazar Dep. 63:11–14, 64:2–6, 90:16–19, 92:9–12, 121:22–25, 122:1–8, 169:7–17.) And Plaintiff and Lt. Longoria never had any further conversations about the video. (Salazar Dep. 63:19–24.)

On or about November 15, 2010, Plaintiff resigned his position with the Kleberg County Sheriff's Office and received an honorable discharge. (D.E. 16-1 at 6–8.) Sheriff Mata had given Plaintiff the opportunity to resign his employment or be terminated. (Mata Aff. ¶ 2.) Sheriff Mata indicated that this decision was based on three separate complaints filed with three separate law enforcement agencies and involving three separate incidents of alleged harassment and stalking by Plaintiff, all of which occurred in the month preceding his resignation. (*Id*.) Sheriff Mata believed that Plaintiff's conduct violated the Law Enforcement Code of Ethics, which requires professionalism, courtesy, and avoidance of even the appearance of illegal or unethical conduct. (*Id*.) Sheriff Mata indicated that he did not have any knowledge of Plaintiff's alleged confrontation with Lt. Longoria in March 2007, and that his decision was not based on the allegations of excessive force Plaintiff made against Lt. Longoria. (*Id*. at ¶¶ 2–3.)

Prior to Plaintiff's termination, on November 3, 2010, Kleberg County Sheriff's Office Captain of Operations Severo Garcia requested that Lt. Longoria look into a complaint filed against Plaintiff in Bishop, Texas. (Longoria Dep. 30:14–24; Salazar Aff.) Following his

4

investigation, on November 14, 2010, Lt. Longoria recommended to Captain Garcia and Chief Deputy Juan Gonzales that some sort of action be taken against Plaintiff. (Longoria Dep. 39:8–25.) This recommendation was based on Lt. Longoria's review of three police reports of complaints of stalking and harassment filed against Plaintiff during the preceding month. (Longoria Dep. 39:5–10.) Lt. Longoria had also investigated a prior complaint of stalking and harassment filed against Plaintiff in March 2007. (Salazar Dep. 90:8–15.) However, Plaintiff was not reprimanded following the 2007 investigation. (*Id*.) Plaintiff asserts that Lt. Longoria has a history of retaliating against subordinate employees when confronted or questioned by them. (D.E. 18 at 11.) In an affidavit, Ms. Nancy Kinsey, a former dispatcher with the Kleberg County Sheriff's Office, stated that there is a pattern of retaliation, bullying, and intimidation by Lt. Longoria at the Kleberg County Police Department and that she had been bullied by Lt. Longoria. (Kinsey Aff. at 2.)

On November 14, 2010, Lt. Longoria called Plaintiff into his office, served him with a Notice of Inquiry, and informed him that he was being placed on administrative leave. (Longoria Dep. 40:5–21, 44:4–21; Salazar Dep. 109:16–25.) Chief Gonzales then made the decision to terminate Plaintiff. (Longoria Dep. 47:16–19.) On November 15, 2010, Plaintiff was given the option of resigning his position voluntarily or being terminated. (Mata Aff. ¶ 2; Salazar Dep. 132:17–18.) Plaintiff provided Sheriff Mata with a signed letter of resignation. (D.E. 16-1 at 6.)

Plaintiff asserts that he was retaliated against for exercising his right to free speech in his conversation with Lt. Longoria about the traffic stop video and Lt. Longoria's alleged use of excessive force. (Salazar Dep. 104:2–6.) Plaintiff asserts that the circumstances of his termination were disclosed to various individuals inside and outside the Kleberg County Sheriff's Department. (Salazar Aff.) When Plaintiff applied for a position with the Texas A&M

University Kingsville Police Department, the Chief of Police Felipe Garza contacted the Kleberg County Sheriff's Office to inquire if there were any charges or allegations against Plaintiff. (Garza Aff.) A Sergeant with the Criminal Investigations Division at the Kleberg County Sheriff's Office informed Chief Garza that the allegation against Plaintiff was "bullshit," and that they were not pursuing any charges against Plaintiff, but were just trying to get rid of him. (*Id.*)

Plaintiff asserts that he was not given any explanation for his termination, and on March 31, 2011, he filed a written request with the Kleberg County Sheriff's Office to secure a hearing to clear his name. (Salazar Aff.) Plaintiff asserts that his request for a name-clearing hearing was denied. (*Id.*) Plaintiff asserts that he has been stigmatized by Sheriff Mata's refusal to allow him an opportunity to clear his name regarding his termination. (*Id.*)

IV. ANALYSIS

A suit against a county official in his official capacity is equivalent to a suit against the county; the official is only distinct when sued in his individual capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Kleberg County is already a defendant in this case, any claims against Sheriff Mata in his official capacity are duplicative.

There are essentially five avenues for establishing liability under Section 1983 against the County or Sheriff Mata in his official capacity: (1) an unconstitutional official policy or decision; (2) an unconstitutional custom or practice; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring that results in a constitutional violation; (4) the unconstitutional conduct of an official with final policymaking authority; or (5) a county's ratification of unconstitutional acts. *See City of Canton v. Harris*, 489 U.S. 378, 385-87 (1989); *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 736-37 (1989); *City of St. Louis v. Praprotnik*, 485

U.S. 112, 123 (1988); *Owen v. City of Independence*, 445 U.S. 622, 655, n. 39 (1980); *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 694 (1978); *Grandstaff v. City of Borger*, 767 F.2d 161, 169–71 (5th Cir. 1985).

Avenues (1), (2), (3), and (5) are not implicated here. Plaintiff has produced no evidence of a policy, custom, or practice by the Sheriff's Office or the County of retaliating against employees who exercise their First Amendment right of free speech by reporting instances of excessive force to their supervisors. (Salazar Dep. 154:23–157:6.) Nor has Plaintiff produced any evidence of a policy or custom by the Sheriff's Office or County of denying name-clearing hearings or publicizing stigmatizing charges against discharged employees. Moreover, there is no evidence that the County ratified any unconstitutional acts, or that there was a failure to train or supervise. Thus, the only avenue left for Plaintiff to establish liability on the part of the County or Sheriff is to demonstrate an unconstitutional act by a County official with final policymaking authority.

At the final pretrial conference before this Court, counsel for both parties acknowledged that Sheriff Mata is an official with final policymaking authority for Kleberg County. The Court will therefore treat this as an uncontested issue. Notwithstanding, Plaintiff has produced no evidence of any unconstitutional conduct by Sheriff Mata in his official capacity as a policymaker of Kleberg County. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. As demonstrated below, Plaintiff has failed to carry his burden on both the First Amendment retaliation claim and the Fourteenth Amendment denial of liberty interests claim.

To succeed on his First Amendment retaliation claim, Plaintiff must demonstrate (1) that he suffered an adverse employment action, (2) that he spoke as a citizen on a matter of public concern, (3) that his interest in the speech outweighs the government's interest in the efficient provision of public services, and (4) that his speech was a substantial or motivating factor behind his termination. *James v. Tex. Collin Cty.*, 535 F.3d 365, 375–76 (5th Cir. 2008) (citing *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999)); *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007). Plaintiff's claim fails on the second and fourth elements.

In his deposition, Plaintiff states that nobody other than Lt. Longoria retaliated against him: "He would be the only one." (Salazar Dep. 90:16–19, 92:13–25, 121:18–21.) And in his affidavit, Sheriff Mata indicates that he did not have any knowledge of Plaintiff's alleged confrontation with Lt. Longoria in March 2007, and that his decision to terminate Plaintiff was not based on the allegations of excessive force Plaintiff made against Lt. Longoria, but on the reports by females of stalking and harassment by Plaintiff. (*Id*. at ¶¶ 2–3.) Thus, Plaintiff failed to provide any evidence that his speech was a substantial or motivating factor behind his termination. Additionally, there is no evidence that Plaintiff was speaking as a citizen on a matter of public concern; rather, his speech was made as part of his work-related duties and is not protected. *See Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008); *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d. 689, 693 (5th Cir. 2007). Accordingly, Plaintiff's second cause of action against the County and Sheriff Mata in his official capacity fails as a matter of law.

To succeed on his third cause of action—which alleges that Plaintiff's liberty interests were infringed by the Sheriff's denial of a name-clearing hearing—Plaintiff must establish (1) that he was discharged, (2) that stigmatizing charges were made against him, (3) that these charges were false, (4) that he was not provided notice or an opportunity to be heard prior to the

discharge, (5) that the charges were made public, (6) that he requested a name-clearing hearing, and (7) that the County denied his request. *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2006). Plaintiff has failed to make a sufficient showing on summary judgment to establish that Sheriff Mata or the County publicized false, stigmatizing charges against him—the second, third, and fifth elements.

A liberty interest is only implicated when the governmental agency employing the claimant has made the stigmatizing charge public in an official and intentional manner to persons outside of the charging body. *Campos v. Guillot*, 743 F.2d 1123, 1125–26 (5th Cir. 1984). The evidence demonstrates that the circumstances surrounding Plaintiff's separation—i.e., the reports of harassment and stalking—were not communicated to anybody outside of the Kleberg County Sheriff's Office. (Mata Aff. ¶ 4.) Sheriff Mata reported to the Texas Commission on Law Enforcement Officers Standards and Education that Plaintiff had been honorably discharged. (D.E. 16-1 at 10.) Sheriff Mata was required by law to make this report. (Mata Aff. ¶ 4.) Sheriff Mata also notified the County Treasurer and County Auditor that Plaintiff had resigned, which he was administratively required to do. (*Id.*) There is no evidence, however, that Sheriff Mata informed anybody inside or outside the Sheriff's Office—other than those individuals who needed to know about the separation as part of the official operations of the Sheriff's Office—about the circumstances surrounding Plaintiff's separation. (*Id.*)

The only evidence of public disclosure presented by Plaintiff is the affidavit by Texas A&M University Kingsville Police Department Chief Felipe Garza, who indicated that when he spoke to a Sergeant in the Kleberg County Sheriff's Office Criminal Investigations Division, he told him that the allegations against Plaintiff were "bullshit" and that they were not pursuing any charges, but only wanted to get rid of him. The Sergeant's statement is not stigmatizing. For a

9

statement to be stigmatizing, it must be more than adverse; it must give rise to a "badge of infamy, public scorn, or the like." *Ball v. Bd. of Trustees of Kerrville Indep. Sch. Dist.*, 584 F.2d 684, 685 (5th Cir. 1978). Additionally, the statement was not made by Sheriff Mata or other policymaker. And there is no evidence that the statement was false: Plaintiff was terminated based on allegations by females of harassment and stalking. The Sergeant's statement does not say anything about the underlying circumstances of his termination, except that the allegations were false. In sum, there is insufficient evidence on summary judgment that the County or Sheriff Mata in his official capacity publicized false, stigmatizing charges against Plaintiff, and therefore, Defendants are entitled to summary judgment on Plaintiff's third cause of action.

## V. CONCLUSION

For the above-stated reasons, Defendants' Motion for Summary Judgment (D.E. 16) is **GRANTED** with regard to Plaintiff's second and third causes of action. Plaintiff's first cause of action was dismissed at the initial pre-trial conference. Having resolved all claims in favor of Defendants, this matter is **DISMISSED WITH PREJUDICE**. Plaintiff takes nothing.

**ORDERED** this 8th day of May 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**